22258.   BALKCOM, Warden v. TOWNSEND.

ARGUED NOVEMBER 12, 1963—DECIDED FEBRUARY 18, 1964—
REHEARING DENIED MARCH 5, 1964.

*Eugene Cook, Attorney General, Howard P. Wallace, Benjamin L. Johnson, Albert Sidney Johnson, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

*Roberts & Thornton, E. Mullins Whisnant,* Troy W. Townsend, *pro se,* contra.

HEAD, Presiding Justice.   Troy W. Townsend filed his petition for habeas corpus against R. P. Balkcom, Warden.   The petitioner alleged that he had been denied due process of law under the State and Federal Constitutions in that he had been denied counsel at the time he was sentenced in the Superior Court of Muscogee County in June, 1960.   At the conclusion of the hearing the trial judge ordered that the respondent deliver the petitioner to the authorities of Muscogee County "so that he may be afforded legal counsel in the charges" against him.   The respondent warden excepts to this judgment.

The three indictments and sentences were introduced in evidence.   In case No. 20895 the petitioner was sentenced for a period of five years for "theft of an automobile."   In case No. 20896 the court imposed a sentence for a period of twenty years for burglary.   In case No. 20897 the petitioner was charged in two counts with robbery by the use of an offensive weapon, and was sentenced to confinement in the penitentiary for the remainder of his life on each count.   The bills of indictment disclose that the petitioner did not sign any waiver or plea of

guilty and no waiver or plea was signed for him by any person as counsel. Each of the three indictments has an entry by the solicitor general as follows: "The defendant Troy Wayne Townsend waives copy of bill of indictment, and list of witnesses sworn before the grand jury, and arraignment, and pleads guilty."

The petitioner testified in his own behalf: "My name is Troy W. Townsend and I was sentenced in Muscogee County, in June, 1960 for robbery by use of an offensive weapon on two counts and given a life sentence on each count. I was also given a twenty to twenty year sentence for burglary and a five to five year sentence for auto theft. I told them that I wanted a lawyer and they said I didn't need one. They would not give me a lawyer even though I wanted one. No one advised me of my right to have a lawyer. I filed an application for habeas corpus in this ·court before, raising the same grounds as in this petition, but at that time I didn't have the goods. This time I have copies of my charges and they show that I did not have a lawyer. I have also filed a petition for habeas corpus in the United States District Court before."

It is the contention of the respondent that the rule of res judicata applies to habeas corpus proceedings under the provisions of *Code* § 110-501. Counsel for the respondent cite and rely upon *Perry v. McLendon*, 62 Ga. 598; *Day v. Smith*, 172 Ga. 467 (157 SE 639); *Andrews v. Aderhold*, 201 Ga. 132 (39 SE2d 61); *Wells v. Keith*, 213 Ga. 858 (102 SE2d 533); *Mitchem v. Balkcom*, 219 Ga. 47 (131 SE2d 562); and similar cases. This court has consistently held in a number of full bench decisions that res judicata does apply in habeas corpus cases under the Constitution and laws of this State.

The petitioner asserts that the United States Supreme Court has ruled that: ". . . it is nevertheless the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." State Farm Mutual Automobile Ins. Co. v. Duel, 324 U.S. 154, 162 (65 SC 573, 89 LE 812). The petitioner insists that this rule is applicable in his case in that at the time his first application for habeas corpus was denied his case was controlled by

the ruling of the United States Supreme Court in Betts v. Brady, 316 U.S. 455 (62 SC 1252, 86 LE 1595), (which held that a defendant had no right under the Federal Constitution to counsel in a State court), that after his first petition was denied the decision was rendered in Hamilton v. Alabama, 368 U.S. 52 (82 SC 157, 7 LE2d 114), (which holds that denial of counsel in a State court renders the conviction void), and that under the rule in the Hamilton case he is entitled to prevail in his present action.

It was the rule in Georgia at the time of the decision in Betts v. Brady, 316 U.S. 455, supra, in 1942, that denial of counsel renders the trial void. The decision in Hamilton v. Alabama, 368 U.S. 52, supra, is in accord with the Georgia rule and does not establish a new rule contrary to the rulings of this court. In *Wilcoxon v. Aldredge*, 192 Ga. 634, 639 (15 SE2d 873, 146 ALR 365), it was held: "The deprivation of counsel is such a fundamental and radical error that it operates to render the trial illegal and void." See also *Fair v. Balkcom*, 216 Ga. 721 (119 SE2d 691); *Balkcom v. Turner*, 217 Ga. 610 (123 SE2d 918).

The uncontradicted testimony of the petitioner shows conclusively that the contentions made in the present petition for habeas corpus were made in the former application for habeas corpus and decided adversely to him by the former judgment rendered on November 8, 1961. There is no provision under our law for excluding habeas corpus from the application of the rule of res judicata, and we are bound by the former full bench decisions of this court.

The trial judge erred in overruling the plea of res judicata of the respondent.

*Judgment reversed. All the Justices concur.*