**UNITED STATES of America,
Plaintiff,**

v.

**Tom WILEY, Defendant.
Civ. A. No. 392–65.**

United States District Court
District of Columbia.

Feb. 16, 1965.

Julius Johnson, Legal Aid Agency, appointed by the Court, for petitioner.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

YOUNGDAHL, District Judge.

Petitioner Wiley was tried by a jury and convicted of assault with a dangerous weapon. At the time of sentencing, he indicated a desire to appeal, but no appeal was ever pursued. Some months later, petitioner submitted a motion to this Court styled "Notice of Appeal" which, however, contained allegations in the nature of a motion to vacate sentence under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. Upon receipt of this motion, the Court appointed a Legal Aid Agency attorney to represent petitioner "in the preparation of a supplemental motion which shall set forth the relief sought and the factual and legal basis therefor." The newly appointed attorney, Mr. Johnson, conferred with Wiley, investigated his case, and then submitted a motion for the preparation of a trial transcript at government expense for the sole purpose of determining whether there were any nonfrivolous claims to be advanced in petitioner's behalf. As a prelude to disposition of this motion, the Court ordered a hearing to ascertain what claims existed independent of the requested transcript and to resolve the alleged ineffective assistance of counsel.

The hearing was held on February 8, 1965. On behalf of the petitioner, Mr. Johnson suggested four claims to the Court. First, petitioner alleged that his court-appointed trial counsel, Mr. Hickey, failed to press countercharges against the victim of petitioner's assault, as was requested. This assertion is patently without merit and inappropriate. A court-appointed attorney is obligated to defend his client, but not to prosecute for him or to serve as a general counsel. Here, petitioner

unsuccessfully relied on a theory of self-defense at his trial which Mr. Hickey advocated for him. Thus, he had the issue of who was at fault in this mutual cutting resolved by at least one forum. Even assuming that petitioner has a legitimate claim against the victim in his case, Mr. Hickey exhausted his responsibility in this regard by offering and urging the defense of self-defense at the trial.

■ Secondly, it is claimed that no evidence of the petitioner's injuries was introduced at the trial while extensive evidence of the victim's injuries was received in evidence. However, during the present hearing, the petitioner himself stated that he took the stand at his trial and testified as to his injuries. He also agreed that there was additional testimony at the trial from a police officer as to his own injuries, as well as the victim's. It is true that hospital records of petitioner's injuries were not introduced at his trial. Those records, however, even if introduced, would have been merely cumulative evidence on an issue only collateral to the issues of guilt and self-defense. Even assuming, arguendo, that Mr. Hickey's failure to introduce hospital records at the trial was an error, it falls far short of being the kind of error which raises a serious question of ineffective assistance of counsel.

■ Thirdly, there was a claim that petitioner desired to appeal his conviction, but that Mr. Hickey convinced him not to appeal. This assertion was quickly withdrawn at the hearing and the petitioner admitted that he did not want to appeal at the time. Mr. Hickey produced the papers necessary to appeal which he had prepared for petitioner at the Court's request, as well as a statement signed by petitioner which recited that petitioner was advised of his right to appeal, but did "not wish to appeal." When confronted with these papers at the hearing, petitioner recalled that it was he who had decided not to appeal.

A fourth contention, weakly offered, was that Mr. Hickey collaborated with the government against petitioner. Petitioner had a trial and was convicted by a jury. This claim cannot be supported.

■ It was also brought out during the hearing that petitioner believed he was entitled to credit for time served prior to sentencing which he did not receive. This mistaken belief was corrected by a reading of the sentencing transcript which revealed that the Court expressly considered and took into account the presentence time served in imposing sentence. The statutory provision, 18 U.S.C. § 3568, does not apply to the offense for which petitioner was convicted.

■ One final matter remains to be disposed of. Mr. Johnson, appointed by this Court to represent petitioner at this hearing, submitted a written motion for the preparation of a trial transcript at government expense. There appears to be no law in this jurisdiction on this point; i. e., whether an indigent is entitled to a free trial transcript for his perusal merely by asking for it, without showing any cognizable need for it. The fourth circuit has ruled on this point on two occasions. Each time that court held that an indigent is not entitled to a free transcript for purposes of collateral attack unless he can show a need for it, United States v. Shoaf, 33 Law Week 2198 (9/29/64); United States v. Glass, 4 Cir., 317 F.2d 200 (1963). The Court sees no reason to depart from this principle on the facts of the instant case. Neither petitioner nor Mr. Johnson has submitted a colorable need for such a transcript.

Therefore, the Court finds as a fact that petitioner's trial attorney, Mr. Hickey, rendered effective assistance of counsel. It further finds that petitioner has no cognizable claim to urge on collateral attack. In accord with these findings, the Court concludes, as a matter of law, that petitioner's letter treated as a motion to vacate sentence under 28 U.S.C. § 2255 must be denied. Further, petitioner's motion for a free trial transcript must be and hereby is denied.

It is by the Court this 16th day of February, 1965, so ordered.