**William DUNN**

v.

**UNITED STATES of America.**

**C. A. No. 5049.**

United States District Court
W. D. South Carolina,
Greenville Division.

Sept. 8, 1965.

William Dunn, pro se.

John C. Williams, U. S. Atty., Greenville, S. C., for respondent.

WYCHE, District Judge.

The above matter is before me upon motion of William Dunn for "Credit for presentence time in jail".

I shall consider this motion as a motion under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides: "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

The defendant William Dunn and his co-defendant Fiori John Luciano, were indicted for violation of 18 U.S.C.A. § 2312 (transportation of a stolen motor vehicle). Bond was set at $10,000 as to each of the defendants. Luciano and Dunn were tried and convicted by a jury at the October, 1963, term of court at Greenville, South Carolina, and sentence was imposed on October 31, 1963. William Dunn received a sentence of five years. At the time I imposed sentence, I had before me the information that William Dunn had been in federal custody since September 10, 1963. The defendants appealed and their conviction was affirmed on March 3, 1965, by the United States Court of Appeals for the Fourth Circuit (United States v. Luciano, 343 F. 2d 172 (1965)).

18 U.S.C.A. § 3568, provides: "EFFECTIVE .DATE OF SENTENCE; CREDIT FOR TIME IN CUSTODY PRIOR TO THE IMPOSITION OF SEN-

TENCE The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence; PROVIDED, That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence. * * * "

▮ The offense with which William Dunn was charged was not one for which the statute prescribed a minimum mandatory sentence. Therefore, the general provisions of section 3568 applied and not the proviso, and he is, therefore, without legal right to demand the relief sought in his motion. Scott v. United States (C.A. 8), 326 F.2d 343 (1964); United States v. Wiley (D.C.D.C.C.), 238 F.Supp. 1008 (1965).

▮ William Dunn further contends that his pre-trial bond was excessive and he was financially unable to provide the bond, and, therefore, he is entitled to credit for presentence imprisonment on the ground that he was denied his constitutional right to bail.

The record in this case does not show that Dunn ever applied for a reduction of bond.

The facts in the case of Short v. United States (C.A.D.C.), 344 F.2d 550 (1965), cited by Dunn in his motion, are entirely different to the facts here. Short was arrested on September 15, 1962, on a charge of attempted robbery and later was indicted for this and three other robbery charges. He was unable to provide the bond set at $9,000. After trial he was convicted on one count of robbery (which is an offense which requires the imposition of a minimum statutory sentence) and one count of assault with intent to rob (which is an offense which does not require a minimum statutory sentence). On February 15, 1963, he was sentenced on each count from four to twelve years, the two sentences to run concurrently. The District Court granted leave to appeal in forma pauperis and granted bail pending appeal with bond at $3,500. Short remained in prison because he could not provide that amount of bond, and the Court of Appeals refused to reduce the amount. While in prison, Short earned the maximum good conduct allowances and received an additional thirty-days credit for heroism in saving the life of a fellow-prisoner. Short's conviction was reversed by the Court of Appeals en banc on July 16, 1964. On remand to the District Court, Short pleaded guilty to one count of attempted robbery and the other counts were dismissed. On September 25, 1964, the trial court imposed a sentence of one to three years— the maximum statutory imprisonment for attempted robbery and refused to credit Short with any time already served in prison, or with the good conduct reductions he had earned. Short appealed. The Court of Appeals held that upon defendant's resentencing following a successful appeal of original sentence and conviction in a new trial for an offense arising from the same acts as his original conviction, he was entitled to credit for time spent in imprisonment, serving the original sentence for good credit reductions earned and, in the circumstances here, for time spent in jail without bail prior to the original trial. The Court said at page 558, "But we limit our decision to the special facts of this case."

For the foregoing reasons, it is my opinion that the motion for "Credit for presentence time in jail" should be denied, and

It is so ordered.

It is further ordered, that William Dunn be and he hereby is allowed to proceed in forma pauperis.