**Hubert James PUTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23277.

United States Court of Appeals
Fifth Circuit.

June 27, 1966.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

PER CURIAM.

This appeal is from the denial of relief by the trial court on a motion under 28 U.S.C.A. § 2255 from a sentence on a plea of guilty to a Dyer Act charge of transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C.A. § 2312. The appellant was committed to the prison authorities for study and recommendation of a sentence under 18 U.S.C. § 4208(b), (c). He was sentenced on October 2, 1964 to an indeterminate sentence under § 4208 not to exceed five years. The appellant complains that his sentence is void because the presentence report before the judge revealed that appellant had raped a minor female and that he had been convicted of burglary. The appellant contended that both charges were false and that they were of such nature as to have necessarily influenced the Court in making up its sentence. The appellant relies on Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; and Smith v. United States of America, (5 CA) 223 F.2d 750. The trial court reexamined its sentence upon receipt of this motion and made an extensive finding of facts and conclusions of law thereon; and among other things said: "The judge of this court again reviewed the materials which had been before him at the time of imposing sentence and determined that even if the supposed erroneous items were deleted, no modification of the sentence was indicated. * * * Assuming the falsity of those items, nevertheless their presence in the record did not make the description of petitioner's character, criminal propensities, and prospects for rehabilitation, significantly more detrimental to his interest, and it cannot be said that they formed the foundation of his sentence." It is apparent to this Court under such circumstances that this false and erroneous information as to this prisoner did not in fact influence the sentencing judge or affect the sentence. No question is raised as to the validity of the plea of guilty to that charge which was interposed by appellant. The facts and circumstances in this case are thus different from the facts and circumstances about which the Court was writing in Smith v. United States, supra, and in Townsend v. Burke, supra. Those cases have no application to the facts in this case as found by the trial court. It is significant in this case that the sentence meted out to this appellant for this offense was indeterminate in nature and character under § 4208 of Title 18 of the United States Code and that such statutory procedure affords the appellant himself every opportunity to earn parole at the earliest date consistent with his conduct there. The duration of a sentence meted out by a trial judge may not be attacked for its severity if the sentence is within statutory limits. Since this false information in this report has had no effect on the sentence as the Court tells us in its review thereof, the mere presence of this information in such report avails the appellant nothing. Next, the appellant complains here that the trial court refused to appoint counsel for him in the presentation of this motion in violation of his supposed Sixth Amendment Rights. There was no error in such denial of the appointment of counsel on that motion. Juelich v. United States of America, (5 CA) 342 F.2d 29;

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

18 U.S.C. § 3006A. Other errors complained of do not merit discussion.

There is no error in this record and the judgment of the trial court is affirmed.