**Troy Wayne TOWNSEND, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State
Prison, Appellee.**

**No. 24445.**

United States Court of Appeals
Fifth Circuit.

May 24, 1967.

W. Spencer Connerat, Jr., Savannah, Ga., for appellant.

Carter A. Setliff, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

In 1960, in the Superior Court of Muscogee County, Georgia, Troy Wayne Townsend entered his plea of guilty to indictments charging him with automobile theft, burglary, and robbery by the use of an offensive weapon. Thereafter, he unsuccessfully pursued habeas corpus relief in the state courts, Balkcom v. Townsend, 219 Ga. 708, 709, 135 S.E.2d 399 (1964). He then brought habeas corpus in the United States District Court and after an evidentiary hearing was again denied relief. We affirm.

The contention is that Townsend was denied the assistance of counsel when he entered his pleas in the state court. The Court below found that the petitioner was advised of the charges against him, that he was offered legal counsel in the presence of the trial judge and specifically declined to accept it, that he understood the nature of the charges against him, that he intelligently and understandingly waived his right to a jury trial, and freely entered a plea of guilty at a time when he was aware of the punishment that could be imposed upon him.

 This finding is amply supported by testimony in the record which the trial judge had a right to credit as opposed to the testimony of the petitioner.

We recognize that an indigent accused, even if he pleads guilty, must be provided with counsel unless he completely and intelligently waives that right as a matter of his own choice, Knight v. Balkcom, 5 Cir., 1966, 363 F.2d 221; Harvey v. State of Mississippi, 5 Cir., 1965, 340 F.2d 263. The testimony for the respondent, accepted as true by the District Judge, showed such a waiver in this case.

Affirmed.