**Hubert James PUTT, Plaintiff,**

v.

**Ramsey CLARK, Attorney General of the United States, et al., Defendants.**

**No. EC6716.**

United States District Court
N. D. Mississippi, E. D.

Sept. 8, 1967.

## OPINION

CLAYTON, District Judge.

Plaintiff, Hubert James Putt, was convicted on his plea of guilty to a charge of violating 18 U.S.C. § 2312.[1]  He was committed to the custody of the Attorney General for study and observation [18 U.S.C. § 4208(b) and (c)] and subsequently was given an indeterminate sentence pursuant to 18 U.S.C. § 4208(a) (2), fixing the maximum sentence of imprisonment at five years.  Subsequently, plaintiff filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was docketed as a civil case, No. EC6587, and denied by this court on November 17, 1965.  This court's denial of relief sought was affirmed by the Court of Appeals for this circuit, Putt v. United States of America, 363 F.2d 369 (5 Cir. 1966), and certiorari to the Supreme Court of the United States was denied. 385 U.S. 962, 87 S.Ct. 403, 17 L.Ed.2d 307 (1966).

That motion was predicated upon petitioner's allegation that this court in imposing sentence upon him relied upon a presentence report containing false and prejudicial information.  The court again reviewed the materials which had been before it at the time of imposing sentence and determined that, even if the supposed erroneous items were deleted, no modification of the sentence was indicated.  The court also noted that in support of this motion no attack on the voluntariness of the plaintiff's plea of guilty was made.

During the pendency in the Supreme Court of plaintiff's motion to vacate, he filed another motion in this court seeking to correct his sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, claiming, among other things, that he had not received credit for jail time spent in default of bail.  This jail time was alleged to be two months and two days.  This motion was treated as a part of the original criminal case, docketed as No. ECR6465, and plaintiff was again allowed to proceed in forma pauperis.

On November 10, 1966, the court denied said motion to correct sentence, and the denial thereof is currently pending in the Court of Appeals.  It is significant to note that again in this second

1.  Transportation in commerce of a stolen motor vehicle, knowing it to have been stolen.

post-conviction action instituted by this plaintiff the voluntariness of his plea of guilty was not at issue.

On March 9, 1967, this plaintiff was allowed to file a complaint purportedly seeking injunctive relief. Based upon an affidavit of poverty accompanying said complaint, plaintiff was again allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. At the court's direction, the issuance of summons was held in abeyance to allow the court more time to maturely consider the merits of said complaint.

Subsequently, on May 15, 1967, the plaintiff filed a motion for summary judgment based upon the defendants' lack of timely response which is, among with plaintiff's complaint, now before the court for disposition.

In this complaint, plaintiff seeks to enjoin various acts he claims to have been committed by various officials in this district. The complaint alleges in effect that the United States Commissioner sets excessive bail, the court reporter alters trial transcripts and the probation officials induce guilty pleas by making promises to prisoners. All defendants are allegedly denied their constitutional rights by the United States Attorney utilizing printed "so-called waiver" forms, the infrequency of grand jury sessions and the conditions generally in the jails in this district.

■ A substantial portion of this complaint seeks injunctive relief on behalf of persons who are incarcerated in this district awaiting trial for criminal offenses, and it is apparent that plaintiff has tried to file a class action with the class being persons incarcerated in this district awaiting trial. It is fundamental that an individual suing in behalf of the members of a class must be a member of the class which he proposes to represent. 2 Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1961) § 567, p. 308.

For plaintiff to maintain this action as a representative of the class, it is obvious that he must be suffering from the deprivations of constitutional rights which are alleged to be occurring in this district. The record shows that the plaintiff is presently incarcerated and was incarcerated at the time of the filing of this action in a federal correctional institution which is not in this district.

■ Since plaintiff is not an accused person presently incarcerated in this district, the unconstitutional acts he claims are being committed by officials of this district can have no adverse effect upon him, and he, thus, has no standing to complain. Plaintiff is not a proper representative of the class he purports to represent, and the class action aspects of this suit must fail.

But, the matter does not end there. Plaintiff also claims that he was forced to plead guilty or remain in a rat-infested jail for nine months.

The record shows that plaintiff was arrested and taken into federal custody on August 6, 1964. It further shows that on September 15, 1964, plaintiff executed a formal waiver of counsel and a waiver of prosecution by indictment and consent to proceedings upon information signed by the United States Attorney. Plaintiff entered his plea of guilty on October 2, 1964, and was sentenced on that day.

■ It is apparent that plaintiff was in federal custody for approximately two months, not nine months as is alleged, before entering his plea of guilty. This court cannot say that incarceration for this length of time, without more, will in itself render a plea of guilty coerced.

Although the sole allegation with respect to plaintiff's own plea of guilty is based upon the period (alleged to be nine months) and the conditions (rat-infested jails) of his incarceration, it could possibly be inferred that the criticisms of the officials of this district are also applicable to the plaintiff's own plea of guilty. Such an inference is, however, refuted by the fact that the voluntariness of this plaintiff's plea of guilty has not been questioned by him

in his two other post-conviction proceedings. Moreover, in the present complaint, plaintiff in his prayer for relief does not ask that his present plea of guilty be deemed coerced or involuntary. The effect is that he does not here question the validity of his plea of guilty.

Accordingly, an order will be entered denying the plaintiff's motion for summary judgment and dismissing his complaint. However, this will be without prejudice to his rights to later separately question the voluntary character of his plea of guilty, if he cares to do so. He is invited to do so if he has any real doubt that it was in fact voluntary.