**Charles HOWARD, Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 24820.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1967.

Charles Howard, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal from denial of habeas corpus to a federal convict who contends that he is entitled to credit for 184 days which he spent in jail prior to being sentenced. We affirm.

The appellant was sentenced more than ten years prior to the effective date of the recent amendment to 18 U.S.C. § 3568, which requires that credit be given for presentence incarceration. Section 6 of the Bail Reform Act of 1966, 80 Stat. 214, provides that the provisions of Section 3568 as amended "shall be applicable only to sentences imposed on or after the effective date."

The appellant was arrested on March 13, 1956, and he was sentenced on September 12, 1956, to serve ten years for robbery of a federally insured bank. 18 U.S.C. § 2113(a). The record does not reveal whether application for such credit was made to the sentencing judge. Compare Amato v. United States, 3 Cir., 1967, 374 F.2d 36; Schreter v. United States, D.C.N.J., 1967, 265 F.Supp. 369.

In Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764 [decided December 20,

---

* Of the Third Circuit, sitting by designation.

85

1967], this Court quoted with approval from *Stapf v. United States*, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326, as follows: "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given."

Since the appellant in the case at bar received a sentence which was ten years less than the maximum, the presumption referred to hereinabove requires that the judgment of the district court be affirmed.