Henry WALKER, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 24608.

United States Court of Appeals Fifth Circuit.

Jan. 3, 1968.

As Revised Jan. 29, 1968.

Henry Walker, Jr., pro se.

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

The appellant Walker was convicted on eight counts of stealing from the mails, forgery of government checks, cashing such checks, and conspiracy to accomplish these offenses. On July 23, 1963, he was given a general sentence of eight years. On February 25, 1965, on appeal, the convictions were affirmed as to only three counts and the case was remanded for resentencing. Walker v. United States, 5 Cir. 1965, 342 F.2d 22. The maximum sentence for each of two of the three affirmed counts is a $1,000 fine and/or ten years imprisonment, 18 U. S.C. § 495, and on the third count a $10,000 fine and/or five years imprisonment, 18 U.S.C. § 371. On May 4, 1965, on remand, the District Court resen-

tenced the defendant and gave him five years on each of the three affirmed counts, to run concurrently from the date of resentencing. In February, 1967, Walker filed a motion to correct the sentence, insisting that he was entitled to credit against the present sentence for the fourteen months which he had served on his general sentence. The District Court then, on March 7, 1967, reduced the sentence on the count which had a maximum sentence of five years, to six months, to run concurrently with the sentences imposed on the other two counts. Walker seeks here to have the fourteen months credited against the five year sentences of the other two counts which carried a maximum term of imprisonment of ten years.

The present case is on all fours with a recent decision of this Court. Bryans v. Blackwell, 5 Cir. 1967, 387 F.2d 764. In that case we granted the defendant's right to receive credit but then added:

"[W]e will conclusively presume that, in giving a sentence which, with the added time for which [the defendant] claims credit, would not exceed the maximum term allowed by the statute, the trial court gave the credit to which [the defendant] was entitled by reason of his earlier custody." 387 F.2d at 767.

See also Ballard v. United States, 5 Cir. 1968, 388 F.2d 607, decided this day.

Moreover, the District Court's colloquy delivered at the first resentencing in May, 1965, and in its written opinion in support of its second resentencing in March, 1967, are explicit in stating that it did give consideration to prior service and accounted for such prior time at the first resentencing in 1965 and at the recomputation of the sentences in 1967. We quote from the trial court's written opinion in conjunction with its second resentencing in March, 1967, for the sole purpose of showing that appellant has, in fact, received the credit for which he asks:

"The defendant was entitled to credit for the time served on the previous sentence that was vacated. Tinkoff v. United States, 86 F.2d 868 at p. 880; Short v. United States, (GA D.C.1965) [120 U.S.App.D.C. 165] 344 F.2d 550.

"Since the Court, under the provisions of § 3568 of Title 18, U.S. Code and Meyers v. Hunter, 10 Cir., 160 F.2d 344(3), could not direct that defendant's time of service commence to run from the time he was admitted to the penitentiary to serve the previous sentence, the Court undertook to give the defendant credit for the time served by reducing the total time to be served from eight years to five years by the imposition of the sentence he is now serving. De Benque v. United States, [66 App.D.C. 36] 85 F.2d 202(5).

"The Court at that time stated:

'Of course, I think the mechanics of this presents a pretty difficult sort of situation. If the sentences are to be imposed anew as to 4, 9 and 1, then certainly some consideration should be given to the approximately two years that he has already served. Yet, any new sentence that I impose here today will begin to run from the date of this sentence, not from the date that he actually went to prison. So the previous sentence that has now been vacated, and I feel, of course, that I should give consideration to that, but I do not know of any, other than his good adjustment and good conduct while he has been in prison, I do not know of any other mitigating circumstances that have intervened since the imposition of the original sentence. * * *'

"The sentence here imposed on Count 11 is excessive and illegal since the resentence to a five year term the maximum permissible under the conspiracy statute, after the vacation of the original sentence, was erroneous requiring the prisoner to serve in the

aggregate more than the statutory maximum time for the offense. 18 U.S.Code, § 371, and Tinin v. United States [10 Cir.] 361 F.2d 829."
Affirmed.