**Herman Audie BALLARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24842.**

United States Court of Appeals

Fifth Circuit.

Jan. 3, 1968.

As Revised Jan. 29, 1968.

Herman Audie Ballard, pro se.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Following his pleas of guilty on May 14, 1965, Ballard received a four-year sentence for concealing a motor vehicle moving in interstate commerce, 18 U.S.C. § 2313, and a one year sentence for attempted jail break, 18 U.S.C. § 751, to run concurrently. Each of the two counts carried a five year and/or $5,000 maximum sentence with no minimum mandatory sentence.

Unable to post bond, Ballard had spent 187 days in jail prior to sentencing and he now asks credit for this time against the trial court's specific sentences. The statute giving credit for all time served prior to sentencing was enacted more than one year after Ballard was sentenced, became effective ninety days after enactment, and is applicable only to sentences imposed on or after the effective date.[1] Under the prior statute,

1. Title 18 U.S.C. § 3568 (1967):

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used

the sentencing judge literally had no duty to give Ballard credit for his time spent in jail before sentencing.[2] However, three circuits, including our own, have interpreted the prior statute in light of constitutional due process and the evident intent of Congress and have required the crediting of prior time even when there was no minimum mandatory sentence. Bryans v. Blackwell, 5 Cir. 1967, 387 F.2d 764; Stapf v. United States, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326; Dunn v. United States, 4 Cir. 1967, 376 F.2d 191. See also Walker v. United States, 5 Cir., 1968, 388 F.2d 605, decided this day.

■ Because Ballard's sentences were less than the statutory maximum, the following presumption, as stated in *Stapf* and quoted with approval in *Bryans*, is applicable:

"Whenever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given."

■ Moreover, we find that the sentencing judge did in fact give consideration and credit to the time appellant spent in jail prior to his sentence. It was apparent to him and, he thought, apparent to others, from the extent of the sentence he handed down, that he had credited appellant with the 187 days spent in jail. We quote from the sentencing judge's memorandum opinion and order denying appellant's first request, by letter, for such credit:

"Thus it is apparent from a consideration of the maximum potential sentences that could have been imposed, ten years, and the sentences actually received, five years to be served over a four year period, that defendant did, in fact, receive credit for the jail time spent prior to service of these sentences."

Further, we quote from the sentencing judge's opinion in support of his denial of appellant's formal motion for jail time:

"Subsequently, the defendant filed a handwritten letter seeking credit for the time he spent in jail prior to his sentencing. Defendant relied upon 18 U.S.C. § 356 [3568] as amended on 22 June, 1966, as authority for this request.

"On 21 March, 1967, this request was denied. The court stated in so denying that it was obvious from a consideration of the maximum potential sentences that could have been imposed (10 years) and total of the sentences actually imposed (5 years) and actually to be served (4 years) that the defendant had received credit for his presentence jail time. * * * For the reasons previously stated, this 'Motion for Jail Time' is without merit, as was the letter-request, which in effect was treated as a motion. * * *"

Affirmed.

---

in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

2. Title 18 U.S.C. § 3568 (1965):

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: *Provided*, That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."