**Hubert James PUTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24266.**

United States Court of Appeals Fifth Circuit.

Feb. 16, 1968.

As Corrected April 11 and April 25, 1968.

Rehearing En Banc Denied March 28, 1968.

Rehearing Denied May 29, 1968.

James Mayo, Louisville, Miss., for appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before JOHN R. BROWN, Chief Judge, and FAHY* and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Under F.R.Crim.P. Rule 35, Appellant Putt filed a motion in the Court below to have his sentence corrected. The District Court denied all relief sought. Appellant brings three points of error to this Court, the second[1] and third[2] of which are totally without merit. But because of an intervening decision of this Court since the District Judge's decision we must vacate part of the lower Court's judgment and direct correction of the sentence to assure effective credit for jail time served.

Appellant spent two months and two days in jail awaiting arraignment, plea, and sentencing because of his inability to post the required bond. After commitment for observation and study (18 U.S.C.A. § 4208(b) and (c)), he was given a five year indeterminate sentence under Section 4208(a) (2) which prescribes that "the defendant may become eligible for parole at such time as the Board of Parole may determine as provided in * * *" Section 4208(a) (2).[3]

---

* Senior Judge of the District of Columbia Circuit, sitting by designation.

1. Appellant contends that his sentence is void because the Trial Judge considered untrue and inflammatory information about Appellant's character prior to sentencing. We have previously considered and disposed of this very contention unfavorably to him in Putt v. United States, 5 Cir., 1966, 363 F.2d 369, cert. denied, 385 U.S. 962, 87 S.Ct. 403, 17 L.Ed.2d 307. We are not required to consider it again. See Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148; Hamilton v. Wilkinson, 5 Cir., 1959, 271 F.2d 278; 28 U.S.C.A. § 2244; cf. 28 U.S.C.A. § 2255.

2. Putt further contends that he was denied due process of law because he requested counsel which was never furnished to him. The Trial Judge found, and the record unequivocally supports his con-

clusion, that before accepting the plea of guilty to the charge Appellant was fully informed by the Court of his right to an attorney and his right to appointed counsel if he could not afford to hire an attorney, but he expressly declined appointment of counsel. Absence of counsel was his own conscious choosing. There was no error. See Townsend v. Dutton, 5 Cir., 1967, 377 F.2d 539; McCaffrey v. United States, 5 Cir., 1964, 328 F.2d 606; Cuff v. United States, 5 Cir., 1962, 311 F.2d 185.

3. The Government's briefs in this and the predecessor case (No. 23277, See note 1, Putt v. U. S., supra) incorporated expressly into this appeal reflect this chronology: [Brief of the United States in No. 24266]:

"On * * * August 4, 1964, the appellant was taken into federal custody [on the Dyer Act charge.] On Septem-

■ At the time of this sentence credit for time spent in jail prior to sentencing was, under the 1960 Amendments, available only when the conviction was one which required a minimum mandatory sentence. See 18 U.S.C.A. § 3568 (1964). Nor was this altered by the amendment to Section 3568 contained in the Bail Reform Act of 1966. This Act did provide automatic administrative credit to all defendants, not just those convicted under statutes requiring a minimum mandatory sentence, but the provisions of the 1966 Act were not retroactive.

But for application in this Circuit this Court through Judge Tuttle's extended opinion in Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764, has aligned itself with the Courts of Appeals of the District of Columbia and the Fourth Circuit in their Stapf[4] and Dunn[5] decisions. We held, in agreement with those decisions, that "persons sentenced prior to September 20, 1966, *who have not been given the benefit of uncounted time served* must be afforded the same benefits as are given to the mandatory minimum sentence prisoners under the 1960 amendment." 387 F.2d 767. (Emphasis in original.)

■ Appellant Putt, as with a number of others recently,[6] gets the benefit of this ruling. But unlike the others whose earlier sentences came under the conclusive presumption of credit, Putt's sentence was for the maximum term, so he will get some specific reduction.

It is obvious from the face of the sentence itself that no credit has yet been given. Nor is this altered by the fact that under Section 4208(a) (2), the Parole Board has the power to release Appellant "at such time as the Board of Parole may determine." Until modified the sentence stands. If, for substantive reasons, the Parole Board were to conclude that the term ought not to be shortened, Appellant would suffer the consequences of the full maximum term although we have now declared that credit must effectively be given.

■ Of course, we would think that administrative credit is normally due to be given under the 1966 amendments without the necessity of further return to the sentencing Court. But for effectuation of the *Stapf-Dunn-Bryans* doctrine with respect to a Section 4208(a) (2) sentence, the actual giving of credit ought not to be left to the Parole Board. This would be carrying the conclusive presumption beyond the confines of the judiciary into the Executive Administrative area. And the Court—either sentencing[7] or habeas—would have no way of ascertaining whether the Parole Board in allowing parole advanced the parole date to give such credit.

This leads us to the conclusion that an indeterminate sentence under section 4208(a) (2) shall be deemed to be for the maximum term prescribed by the sentence *less* the amount of jail time credit due under *Bryans*. The prisoner is not to be held beyond such time. Thus al-

---

ber 15, 1964, the appellant waived indictment and entered a plea of guilty to an information charging him with the same. On October 2, 1964, the appellant was committed under 18 U.S.C. 4208(b) for examination and study [as set out in § 4208(c)]. On January 7, 1965, the appellant was finally sentenced to five years imprisonment under the provisions of 4208(a) (2) which provisions allowed the appellant to be released at any time within the five year period upon a determination by the prison officials that the appellant was fit for society. At sentence the judge said nothing with reference to whether he had taken into consideration

the time appellant had spent in jail prior to January 7, 1965 [or October 2, 1964]."

4. Stapf v. United States, 1966, 125 U.S. App.D.C. 100, 367 F.2d 326.

5. Dunn v. United States, 4 Cir., 1967, 376 F.2d 191.

6. Recent cases applying it include: Ballard v. United States, 5 Cir., 1968, 388 F.2d 607 [revised January 29, 1968]; Walker v. United States, 5 Cir., 1968, 388 F.2d 605 [revised January 29, 1968]; Howard v. Blackwell, 5 Cir., 1967, 389 F.2d 84.

7. Under F.R.Crim.P. 35 or 28 U.S.C.A. § 2255.

though Appellant is serving an indeterminate sentence under section 4208(a)(2) and could possibly be released from custody at any time, he is not to be held beyond the five year statutory maximum imposed upon him less the two month and two day period he spent in jail prior to sentencing. This reduced period is to be the sentence upon which the Parole Board exercises its parole powers under section 4208(a) (2).

 As the prisoner is entitled to know and the Parole Board ought to know precisely the duration of the maximum period of time against which to weigh the desirability of an earlier release, it makes the *Bryans* caveat all the more important as trial judges more and more exploit the potentials of the Section 4208(a) (2) and (c) system. The record should be crystal clear as to just exactly what actual credit has been given in terms of dates, periods, and days. Care is perhaps of even greater importance in avoiding the possibility that the defendant is inadvertently given or receives double credit. Since the effective date of the Bail Reform Act, all presentence custody in connection with the offense for which sentence was imposed is now administratively credited on whatever sentence the Court imposes. Thus, if the Court in attempting to credit jail time imposes a lesser term, dual credit might result. The sentencing Judge must be (a) articulately aware of what he is doing and its significance in terms of ultimate confinement and (b) must make sure that the record reflects what and all that he did. Likewise, although this is a single-count indictment and conviction, this problem demonstrates again why a general sentence must be avoided in multi-count convictions. See Benson v. United States, 5 Cir., 1964, 332 F.2d 288.[8]

The result is that the denial of relief is affirmed in part (notes 1 and 2 supra), but the sentence must be deemed to be modified by deducting the jail time from the five-year term.

Affirmed in part; modified in part.

## ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.

---

8. General sentences afford an uneasy basis upon which to ascertain or "presume"—conclusively or otherwise—the extent to which and as to which count the credit is given.