**UNITED STATES of America,
Plaintiff,
v.
Edward Guy DUNN, Defendant.**

**Crim. No. 65-H-190.**

United States District Court
S. D. Texas,
Houston Division.

July 24, 1968.

864

Morton L. Susman, U. S. Atty., and James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Edward Guy Dunn, pro se.

## MEMORANDUM and ORDER

INGRAHAM, District Judge.

The defendant, Edward Guy Dunn, was indicted under the conspiracy statute, 18 U.S.C. Sec. 371, for conspiring to pass and utter counterfeit obligations. He was convicted in this court and received a sentence of four years on December 10, 1965. He is now before the court on a pro se motion under Rule 35, Fed.R.Crim.P. requesting credit against his sentence for a twenty-day period which accrued between the date he was arrested and the date he was released on bond. Defendant asserts that all pre-sentence time spent in custody should be

credited him toward the maximum he is required to serve under the sentencing statute.

At the time defendant received his sentence, 18 U.S.C. Sec. 3568 (as amended in 1960) read as follows:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."

Section 3568 has been amended to allow credit for all pre-sentence custody, but the amendment was effective only prospectively from September 20, 1966. The offense for which defendant was convicted in 1965 carries a five year and/or a $10,000 maximum sentence with no minimum mandatory sentence. At least one court has held that pre-sentence custody could be given only when the person convicted was sentenced under a statute which prescribed a minimum term of imprisonment. Scott v. United States, 326 F.2d 343 (8 C.A.1964). But see Sawyer v. United States, 376 F.2d 615 (8 C.A.1967). However, the Fifth Circuit, following the Fourth Circuit and the District of Columbia Circuit, has held that despite the language of the statute, those sentenced between 1960 and 1966 should be afforded the same benefits accorded prisoners sentenced under a statute providing a mandatory minimum term. Bryans v. Blackwell, 387 F.2d 764, 767 (5 C.A.1967); Dunn v. United States, 376 F.2d 191 (4 C.A.1967), reversing 38 F.R.D. 182 (W. D.S.C.1965); Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966). The Fifth Circuit reiterated its position on this issue in two cases decided this year, Ballard v. United States, 388 F.2d 607 (5 C.A.1968), and Walker v. United States, 388 F.2d 605 (5 C.A.1968).

This court therefore believes that, in a proper case, credit for pre-sentence custody may be given to a prisoner sentenced between 1960 and 1966,

even though he was not sentenced under a statute prescribing a minimum mandatory term of imprisonment.

There is an exception, however, applicable to prisoners who received less than the statutory maximum sentence: it will be presumed "that, in giving a sentence which, with the added time for which (the defendant) claims credit, would not exceed the maximum term allowed by the statute, the trial court gave the credit to which (the defendant) was entitled by reason of his earlier custody." Bryans v. Blackwell, supra, 387 F.2d at 767; Ballard v. United States, supra; Walker v. United States, supra; cf. United States v. Brown, 387 F.2d 371 (6 C.A.1968).

This court, as the sentencing court, was well aware of the fact that the defendant had spent twenty days in custody prior to his being released on bond. It is obvious that considering the five-year sentence which could have been imposed, and the four-year sentence which was actually imposed, the defendant has received credit for the twenty-day pre-sentence custody.

Defendant's motion for correction of sentence should be and is hereby denied.

True copies hereof will be forwarded by the clerk to the defendant and the United States Attorney.