**Charles William PARRIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 30919
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 29, 1971.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Charles W. Parris, pro se.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Charles William Parris appeals from the district court denial of his petition for credit on his federal prison sentence for certain time spent in custody prior to his sentencing. We affirm.

The appellant contends that he is entitled to credit for time spent in jail from his January 26, 1963, arrest until his May 9, 1963, sentencing under the 1966 amendment to 18 U.S.C. § 3568. This amendment, effective July 1, 1966, provides that a defendant shall receive credit on his sentence for time spent in custody "in connection with the offense or acts for which sentence was imposed". We have specifically held that 18 U.S.C. § 3568 is not to be given retrospective application. Howard v. Blackwell, 5 Cir., 1967, 389 F.2d 84.

The appellant, Parris, received a sentence for eight years less than the maximum imposable penalty. The sentence transcript reveals specifically that the trial court took into consideration the time which had been spent in custody between the time of arrest and sentence.

The denial of relief was eminently correct and the judgment below must be affirmed.

Affirmed.