**Raymond Luther BRYANS, Jr., Appellant,**

v.

**O. G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

No. 24641.

United States Court of Appeals Fifth Circuit.

Dec. 20, 1967.

Raymond Luther Bryans, Jr., pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

The previous opinion of this court, dated October 13, 1967, is withdrawn.

This is an appeal from a judgment entered by the district court for the Northern District of Georgia under three numbered cases which resulted from a careful analysis by the trial court of some twelve petitions for habeas corpus, mandamus or other relief filed by the prisoner within less than a month between January 19 and February 10, 1967. Our reading of the petitions and the orders of the trial court discloses that the trial judge patiently, and with accuracy culled out of the repetitive filings the issues sought to be raised by the prisoner. In case number 10688 the court dealt with the issue of whether the prisoner had a valid "election not to serve" under old Rule 38(a) (2), outstanding in the Northern District of California. We affirm, as correct, the trial court's disposition of this issue. In the district court case number 10760,

petitioner alleged that since his initial arrest he had been in custody for a period longer than his present two-year sentence, and should therefore be entitled to immediate release. It is for the purpose of discussing this contention that this present opinion is written. It will be discussed fully below.

The remaining petitions and matters brought up at the hearing in the district court on February 23, 1967, relating to events at Atlanta Penitentiary, were handled by the trial court as a single application under number 10775. We agree with the disposition made by the trial court of these matters.

As indicated, in his complaint under the district court case number 10760, petitioner contends that since his initial arrest, he has been in custody for a period longer than his present two-year sentence, and should therefore be entitled to immediate release. In fact the trial court said, in its opinion, "While it appears almost incredible to this court that the prisoner has been in custody almost three years now, with only nine months effective service, it appears that under the law as it existed prior to the 1966 reform, the Attorney General has correctly concluded that Bryans has not served his full sentence, and his present release date, with all good time applying, is January 2, 1968."

The problem here arises from the fact that much of the time served by Bryans was under a sentence of the District Court for the Northern District of Georgia, which was later vacated after the hearing of a motion under 28 U.S. C.A. § 2255. Bryans is now serving in the federal penitentiary under two separate two-year sentences, the second to run concurrently with the first, both sentences imposed by the United States District Court for the Northern District of California, on the 15th day of September, 1966, to charges of interstate transportation of falsely made securities, in violation of 18 U.S.C.A. § 2314. (The maximum penalty under each charge is 10 years imprisonment.) We take it that the convictions by the California court are on the "same or related charges," because the United States, in its brief filed here, poses the question "whether appellant is entitled to credit upon his present sentence for him in custody served prior to being sentenced, or time served pursuant to a sentence now vacated, appellant having been thereafter convicted *on the same or related charges*." (Emphasis added.) It is clear that if appellant was legally entitled to have credit for the time he served under the vacated sentence, then he was entitled to an order for his immediate release in the district court at the time of his hearing there.

Bryans' sentences under which he is now serving were entered on September 15, 1966. There is no doubt about the provisions of statute law, then in effect, which do not require that credit be allowed for time in custody, either prior to the imposition of the sentence or while serving under a vacated sentence, except where the sentence was one imposed under a statute providing for a minimum mandatory sentence. See 18 U.S.C.A. § 3568 (1964).

Before 1960, there was no statutory provision that dealt with credit for time served before trial for want of making bail, nor under either a vacated sentence or time served after conviction pending appeal where there was an election not to commence serving. Nevertheless, it is universally known that wherever a later conviction resulted from the same state of facts, and the trial court imposed sentence, the trial judge frequently took into consideration the time actually served by the accused that should, in fairness, really be counted towards the punishment he was then meting out by way of a new sentence. There was one class of cases, however, as to which district judges thought they could not legally give effect to any such considerations. This was the class of offenses for which Congress had provided minimum mandatory sentences. As to these the trial courts thought they were without power to reduce the sentence below

the statutory minimum by giving credit for time theretofore served. In that type of case, therefore, (a very substantial number, incidentally, because of the large number of narcotics convictions) it was apparent that persons entering upon a sentence were frequently denied credit for time they had already been in custody. Thereupon Congress amended Section 3568 by adding the following language:

"The Attorney General shall give any such person [the defendant being sentenced] credit towards service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."

The adoption of this amendment would have placed all defendants on a parity with respect to the matter in issue but for one fact—that is, the assumption that *all* judges in *all* cases, except those involving minimum mandatory sentences, were actually allowing such credit, was not entirely correct. For instance, as appeared in the case of Stapf v. United States, (D.C.Cir., 1966) 367 F.2d 326, and Dunn v. United States, (4 Cir., 1967) 376 F.2d 191, there were cases in which district judges were giving maximum sentences permitted under the statute for a particular offense, notwithstanding prior custody of the accused resulting from his inability or failure to make bond. In such a case it was obvious that the person, sentenced under a non-mandatory minimum requirement, was being denied a right afforded the defendant sentenced under a minimum mandatory statute. In addition to the cases where it was apparent that no credit was being allowed because the defendant ended up with the maximum sentence permissible, there were doubtless cases in which the trial court sentenced the accused person with every intention of sentencing him

as he would have on the initial conviction and without intending to give him any credit for time previously served. Thus it turned out that the 1960 amendment seeking to give equal rights to those persons convicted and sentenced to minimum mandatory sentences was in some cases giving them benefits not available as a matter of right to persons convicted of crimes not thought by Congress to be sufficiently grave as to require a mandatory minimum sentence.

In light of this situation, Congress again amended the statute, when in 1966 it adopted the Bail Reform Act. Section 4 of that Act[1] now provides automatic administrative credit to all defendants sentenced after its effective date. This provision is "the Attorney General shall give any such person credit towards service of his sentence for any days spent in custody in *connection with the offense or acts for which sentence was imposed.*"

A good statement of the history of these two amendments is provided in Stapf v. United States, supra, 367 F.2d pp. 328, 329.

Unfortunately for persons convicted and sentenced prior to September 20, 1966, who were not given credit on their sentences for uncounted time previously served, the 1966 amendment had only prospective effect. It thus terminates the discrimination heretofore existing between different classes of convicted persons only for the future.

Bryans now takes the position that has been announced in *Stapf*, supra, and *Dunn*, supra, that the provisions of Section 3568, requiring credit as to minimum term offenses must be construed to cover all sentences, because, otherwise, it would fall afoul the Fifth Amendment to the United States Constitution as creating an "arbitrary discrimination to credit a defendant with pre-sentence custody upon conviction of an offense of a magnitude requiring the imposition of a minimum mandatory sentence, but to withhold such credit when the offense

---

1. Public Law No. 89–465, 89th Cong.2d Sess., Section 4, June 22, 1966, 80 Stat. 214.

is not so grave as to require a minimum term of imprisonment." Dunn v. United States, 376 F.2d 191, 193.

■ We agree with the Court of Appeals for the Fourth Circuit in the *Dunn* case and the District of Columbia Circuit in the *Stapf* case that persons sentenced prior to September 20, 1966, *who have not been given the benefit of uncounted time served* must be afforded the same benefits as are given to the mandatory minimum sentence prisoners under the 1960 amendment.

This, however, does not mean that the appellant here can prevail. Both in the *Stapf* and *Dunn* cases the petitioner was given a sentence of the maximum permitted under the statute. It was thus evident that the trial court had not given credit for the time previously served. Here, the maximum sentence that could have been given is ten years on each of two counts. Instead, the trial court sentenced Bryans to two concurrent terms of two years each. Dealing with such a situation, the District of Columbia court said:

"We are not here reviewing or in any way impinging on the discretion of the district court with regard to the basic sentence imposed. That court was free to impose whatever term of imprisonment it deemed appropriate in the circumstances of the particular case up to and including the maximum authorized by statute. We hold only that once the basic sentence was determined, the court had the duty to credit the defendant's sentence with any presentence custody incurred for want of bail.

"*Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given.*[11]

11. It is obvious, but we wish to note expressly, that our decision is not equivalent, either in intent or effect, to a retroactive application of the 1966 law, which extends an administrative credit to all sentences, even though substantially below the maximum term.

The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness. Since here the defendants were sentenced to the maximum allowed for term of imprisonment, the length of sentence itself conclusively shows that credit was not given. * * *" (Emphasis added.)

This reasoning was apparently accepted by the Court of Appeals for the Fourth Circuit in the *Dunn* case, because in that case too, as stated above, the prisoner had received a maximum sentence without credit. However in a subsequent case the Court in the Fourth Circuit has withdrawn the language establishing the presumption, apparently leaving it open to inquiry in each case whether credit was in fact given.[2]

■ Adopting and applying the reasoning of the District of Columbia case to the case before us, we will conclusively presume that, in giving a sentence which, with the added time for which Bryans claims credit, would not exceed the maximum term allowed by the statute, the trial court gave the credit to

2. In Eddie Padgett v. United States of America, 387 F.2d 649, dec. July 5, 1967, the Court said:
"The petitioner, Eddie Padgett, a federal prisoner, seeks credit for 49 days of pre-trial custody in light of our decision in Dunn v. United States, 4 Cir., 376 F.2d 191 (1967). The pertinent language in the slip opinion of this court, upon which the District Court relied, has been amended by deleting the presumption that a prisoner receiving less than a maximum sentence was granted credit for the period of pretrial incarceration. The effect of the deletion is to leave the matter open to be determined according to the facts in the particular case. Inasmuch as this petitioner is entitled, in any event, to release on July 21, 1967, we deem it appropriate, with the consent of the District Court, to remand the case to that court for further consideration in light of the revised opinion in *Dunn*."

which Bryans was entitled by reason of his earlier custody.

It has not been necessary for us to distinguish between the credit given under the 1960 amendment and that provided for in 1966. As indicated, the 1960 amendment required as to sentences imposed under the mandatory minimum requirements, that credit be given "towards service of his sentence for any days spent in custody *prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed * * *.*" (Emphasis added.) The more recent amendment is broader in that it provides for the giving of credit for *all* pre-sentence custody and not merely custody for want of bail. It gives credit for "any days spent in custody *in connection with the offense or acts for which sentence was imposed.*" (Emphasis added.)

A perusal of this record indicates that Bryans' claim is based upon both kinds of time spent. Neither of the decided cases which we refer to above deals with custody other than pre-sentence custody. They hold that whatever rights the 1960 amendment afforded to mandatory minimum sentence prisoners must equally be afforded to the remaining class. This is the effect of our holding also. We do not now construe what is actually covered by this language in the 1960 amendment, because even by adding all of the time served together it is mathematically certain that when added to the time actually credited to Bryans the total would not equal the maximum sentence permissible in his case.

We think it appropriate to sound a precautionary note that was included in the original opinion of the court in the *Dunn* case, supra, as published in the Advance Sheets, page 194, but later eliminated before the opinion appeared in the bound volume:

"Where the sentence is less than the maximum hereafter, we strongly urge the district judges [of this circuit] to avoid future doubts by indicating at time of sentence whether time spent by the traversor in jail awaiting trial [or which for any other reason is not deemed to be subject to legal credit] has been considered in passing sentence."

The judgment of the trial court is affirmed.