John BENSON, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 25850.

United States Court of Appeals Fifth Circuit.

Dec. 13, 1968.

John Benson, Jr., pro se.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

ALDRICH, Circuit Judge.

This opinion concerns subsequent chapters in the sentencing of appellant Benson, whose original sentence was vacated by this court in Benson v. United States, 5 Cir., 1964, 332 F.2d 288. The facts were these. Benson had pleaded guilty to a three-count indictment under which he could have been sentenced to five years on count one and ten years on each of the others. Instead of sentencing separately and consecutively, the court imposed a single, so-called general sentence of fifteen years. On an appeal from an adverse decision of the district court on a Rule 35 motion, 18 U.S.C., this court vacated this sentence as excessive under any single count and hence improper, stating that "everything points to the importance of an articulate, identifiable sentence being imposed." 332 F.2d at 291.

Benson having already served three years under the invalid sentence, in September 1964, following remand, the court imposed a two-year sentence on count one, thereby allowing the credit now in terms provided for by 18 U.S.C. § 3568,[1] and two ten-year, concurrent, sentences on counts two and three, to follow the two-year sentence. This procedure cost him the good time allowance provisionally earned during the three years, so that his release date under the three new sentences would, if his good behavior continued, be later than under the original sentence. Such, in effect, increase of sentence by deprivation of good time was error. Tinin v. United States, 10 Cir., 1966, 361 F.2d 829; see Walker v. United States, 5 Cir., 1968, 388 F.2d 605; 18 U.S.C. § 4161, 4202.

Realizing this inequity, the court two months later amended the ten and ten sentences to provide that they should be served concurrently with the two year sentence. This cut defendant's maximum time to ten years plus the three already served, thereby more than vesting the good time so far acquired.

We come to the present Rule 35 motion. Not content with his previous bonanza, Benson now claims that he should be given credit for time served against his ten-year sentences as well as against the shorter one. Although this claim, which was rejected by the district court in an extensive memorandum opinion dated February 2, 1968 apparently unreported, has little equitable appeal in view of the court's previous generosity, it is not entirely without legal foundation. In Stapf v. United States, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326, and Dunn v. United States, 4 Cir., 1967, 376 F.2d 191, referred to with approval in Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764, at 766–767, the courts held that even though 18 U.S.C. § 3568 had not been amended at the time of sentence, a district court that imposed a maximum sentence without giving credit for time spent in custody before sentence

* Of the First Circuit, sitting by designation.

1. This was prior to the 1966 amendment of section 3568 making such credit compulsory. However, as we note hereinafter, the credit was required as a matter of law.

for want of bail denied due process.[2] See also, Tinin v. United States, supra; Short v. United States, 1965, 120 U.S. App.D.C. 165, 344 F.2d 550. We believe, by the same reasoning, that to refuse a defendant credit for time served under an invalid sentence is impermissible. We are not persuaded by the district court's assertion of differences between invalid convictions and invalid sentences; the significant fact is that the defendant has spent time in custody. Consequently, a single maximum sentence even in 1964 would have to allow credit for time served under a prior illegal sentence. Cf. Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380.

We have serious question whether a court could impose two maximum sentences concurrently and assign the credit only to the shorter one. A defendant in this circumstance could well wonder what good his credit had done him. To follow the adjuration of exactness expressed in the prior *Benson* case, if the court desired that a defendant serve ten years plus the time already served, it should sentence him to "time served" on the first count, with ten years on the other counts to follow.

■ However, the present is not a case of a number of originally concurrent maximum sentences. At the hearing in September 1964 when the first resentencing occurred the court explained to the defendant that he was receiving the credit on the first, and that the others were consecutive. Except for the matter of the small increase due to loss of good time previously referred to, this was legitimate. The later dating back of the ten-year sentences was to compensate for this minor increase. It was not intended to, nor could it reasonably be understood to, duplicate the substantial credit for time served which, on the record, had already been given. This case is the more like Zaffarano v. Blackwell, 5 Cir., 1967, 383 F.2d 719 and Bryans v. Blackwell, supra, where the sentencing judge was operating within a permissible perimeter and not adding time served to maximums. Benson has been deprived of nothing to which he was entitled.

Affirmed.

---

2. In Bryans v. Blackwell, supra, we distinguished these cases on the ground that the sentence under consideration in *Bryans* was not the maximum, holding that it could be and therefore was to be presumed that the district court had given consideration to the amount of time previously spent in custody, an impossible inference if the court had imposed the maximum.