UNITED STATES of America, Appellant,

v.

Samuel E. McCULLOUGH, Appellee.

UNITED STATES of America, Appellant,

v.

Bland Mann WATERS, Appellee.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellant,

v.

Richard Reed CRISWELL, Appellee.

Olin G. BLACKWELL, Warden, United State Penitentiary, Atlanta, Georgia, Appellant,

v.

Rufus Killis SELLERS, Jr., Appellee.

Nos. 25746, 25744, 25861, 25886.

United States Court of Appeals Fifth Circuit.

Jan. 3, 1969.

---

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellants.

James A. Branch, III, Atlanta, Ga., for appellee, McCullough.

Bland Mann Waters, pro se.

Richard Reed Criswell, pro se.

Rufus Killis Sellers, Jr., pro se.

Before BELL and COLEMAN, Circuit Judges, and HOOPER, District Judge.

BELL, Circuit Judge:

These four appeals were consolidated in order to consider one narrow question: whether several maximum sentences running concurrently are to be treated as a maximum sentence for purposes of crediting a prisoner with time spent in jail prior to sentencing under 18 U.S.C.A. § 3568 as interpreted in Bryans v. Blackwell, 5 Cir., 1967, 387 F. 2d 764. The District Court answered in the affirmative. Sellers v. United States, 283 F.Supp. 891 (N.D.Ga., 1967). We agree.

Sellers was arrested and charged with a post office burglary September 21, 1961, and because of his inability to raise bail, was held in jail until the imposition of his sentences 107 days later. He was convicted on several counts and received two consecutive five-year sentences; two more consecutive five-year sentences which were to run concurrently with the first two sentences; and eight more five-year sentences which were to run concurrently with the first

five years. The maximum sentence which could be imposed on any one count was five years.

Waters was arrested on March 28 1964, and charged with several counts of forgery, counterfeiting, altering and publishing a United States postal money order. He too was unable to raise bail and was confined for 152 days prior to the imposition of his sentences. He was convicted on three counts and received three five-year sentences which were to run concurrently. Five years was the maximum sentence which might have been imposed on any one count under the applicable statutes.

Criswell was arrested in 1964 for breaking into a post office building with intent to commit larceny and for stealing mail. Due to his inability to raise bail he remained in jail 145 days before his sentences were imposed. He was convicted on four counts and ordered to serve four concurrent five-year terms, the maximum under each count.

McCullough was also arrested in connection with a post office burglary. Because of his inability to raise bail, his presentence confinement was for 84 days. At his trial, McCullough was convicted of burglary and conspiring to commit a burglary, and sentenced to the maximum of five years on each of four counts. The sentences were to run concurrently.

After the defendants had begun serving their respective sentences in the federal penitentiary in Atlanta, each petitioned the District Court, seeking credit for the time served prior to imposition of their sentences. Having prevailed in the District Court, and their releases having been otherwise due, each is now admitted to bail.

The statute, Title 18 U.S.C.A. § 3568, prior to the 1966 amendment thereof, not here material, provided in pertinent part "* * * The Attorney General shall give any such person [the defendant being sentenced] credit toward service of his sentence for any days spent in custody prior to the imposition of sen-

tence by the sentencing court for want of bail set for the offense under which sentence was imposed * * *."

This provision related only to minimum mandatory sentences but in Bryans v. Blackwell, supra, we made it applicable to all sentences. There the habeas petitioner had received two separate two-year sentences, to run concurrently, upon conviction on two counts of interstate transportation of falsely made securities. The maximum penalty under each count was ten years. He petitioned for immediate release, claiming credit for time served prior to sentencing. In holding the statutory provision to be applicable, the court, nevertheless, concluded that it was of no avail to Bryans. This was so because the court laid down the rule that when the sentencing court gave a sentence which was not the maximum allowed by the statute, it is conclusively presumed that the court gave the credit to which the defendant was entitled. Bryans had not received maximum sentences.

Here we deal with a new dimension in what constitutes a maximum term or sentence. The government contends that when maximum sentences are imposed upon conviction under several distinct counts of an information or indictment and these are made to run concurrently, then the judge has not sentenced the defendant to a maximum term. The argument goes that a maximum term upon conviction on a multicount indictment would be a maximum sentence on each count with sentences running consecutively. On the other hand, the prisoners contend that they were given maximum terms on each count; that each count was a separate and distinct crime; and that the concurrent-consecutive question is merely one of how maximum terms are to be served.

Our case of Putt v. United States, 5 Cir., 1968, 392 F.2d 64, is suggestive of the approach that should be taken. There the defendant was given a five year indeterminate sentence under 18 U.S.C.A. § 4208(a) (2). The five years was the maximum possible under the statute, but the government contended that the addition of the indeterminate feature of the sentence made it less than a maximum sentence and held that Putt have received a determinate five year term. We deemed the sentence to be a maximum sentence and held that Putt was entitled to the credit for his presentence jail time as provided for under our *Bryans* gloss on the statute. § 3568, supra.

The dictum of the court in the case of Benson v. United States, 5 Cir., 1968, 405 F.2d 467, 469 is also instructive. Although a question not directly involved, the court said with respect to the matter of a Bryans v. Blackwell type of credit:

"We have serious question whether a court could impose two maximum sentences concurrently and assign the credit only to the shorter one * * *."

The case of Bostick v. United States, 5 Cir., 1968, 400 F.2d 449, is not to the contrary. There the court declined to remand for a sentence allowing credit for time served prior to sentencing. That case, however, was explicitly bottomed on the fact that the gain from the credit of eight months would be more than offset by a loss of 304 good time days resulting from the sentence falling into another good time computation bracket under 18 U.S.C.A. § 4161. Moreover, the court went on to conclude that concurrent sentences under the good time statute, are not aggregated in determining the basis for computing good time credit.

We are of the view that each count here involved was a distinct crime for which the maximum sentence was imposed. They are not any less maximum sentences because sentences imposed for conviction of other crimes under other counts are being served concurrently. Each of the appellees, as the District Court held, was entitled to credit for the pre-sentence jail service.

Affirmed.