Richard C. HYLER, Petitioner-Appellant,

v.

Myrl ALEXANDER, Director, U. S. Bureau of Prisons; Eugene Barkin, General Counsel, U. S. Bureau of Prisons, and Olin G. Blackwell, Warden, Respondent-Appellee.

No. 28793.

United States Court of Appeals,
Fifth Circuit.

March 23, 1970.

Richard C. Hyler, pro se.

Charles S. Goodson, U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal presents the question whether a federal convict is entitled to credit for 91 days presentence jail time, on his three five-year concurrent sentences for violation of 18 U.S.C. § 495.[1] Prison authorities have credited him with the 91 days toward the service of his concurrent five-year sentence under 18 U.S.C. § 1708, since that is the maximum prison term imposable for the offense. Putt v. United States, 5th Cir. 1968, 392 F.2d 64; Bostick v. United States, 5th Cir. 1968, 400 F.2d 449. As a practical matter, however, this does not help the appellant, who remains confined by authority of the three sentences for violation of § 495.

Appellant was sentenced prior to the effective date of the amendment to 18 U.S.C. § 3568[2] and there is no mandatory minimum prison term provided for violation of § 495, for which the maximum prison term is ten years. In Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764, we stated that "[W]e will conclusively presume that, in giving a sentence which, with the added time for which [the defendant] claims credit, would not exceed

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. September 20, 1966.

the maximum term allowed by the statute, the trial court gave the credit to which [the defendant] was entitled by reason of his earlier custody." 387 F.2d at 767, 768.

Applying this rule to the facts of the case *sub judice*, it is clear that the appellant is not entitled to credit for his presentence jail time, on his sentences for violation of 18 U.S.C. § 495. Cf. Benson v. United States, 5th Cir. 1968, 405 F.2d 467; United States v. McCullough, 5th Cir. 1969, 405 F.2d 722.

The judgment of the district court is correct and it is hereby affirmed.

Affirmed.