**Robert Jewell LANDMAN, Petitioner,**

v.

**John N. MITCHELL and J. J. Clark, Respondents.**

**Civ. A. No. 14452.**

United States District Court, N. D. Georgia, Atlanta Division.

Jan. 25, 1971.

Robert Jewell Landman, pro se.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondents.

MOYE, District Judge.

### ORDER

On May 22, 1956, petitioner was convicted for violating 18 U.S.C. § 2113 (bank robbery) and was sentenced to five (5) years imprisonment by the United States District Court for the Northern District of California. One found guilty of violating such statute may be "fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a). The statute does not provide for a minimum mandatory sentence. In this action under 28 U.S.C. § 1361, petitioner seeks credit for presentence jail time served from January 19, 1956, to May 22, 1956, a total of 124 days. Petitioner also re-quests 32 days good time earned pursuant to the presentence service.

Petitioner's claim for jail time credit has its basis in 18 U.S.C. § 3568 and the amendments thereto. Prior to the 1960 amendments, the statute did not require that any prisoner be given credit for presentence jail time, although many, including Congress, apparently assumed that such credit was given as a matter of fairness. (See Bryans v. Blackwell, 387 F.2d 764, 765 (5th Cir. 1967.) In any event, the amendment of 1960 provided that credit for presentence jail time be given where the statute violated required a minimum mandatory sentence. 74 Stat. 738 (1960). In that the amendment, on its face, applied only to sentences under statutes requiring minimum mandatory sentences, the wording was unfortunate and confusing; litigation was commenced by many prisoners who claimed that the statute discriminated against those who had not been sentenced under such a statute. This argument first met with success in Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966) and Dunn v. United States, 376 F.2d 191 (4th Cir. 1967) and in Bryans v. Blackwell, supra, the Fifth Circuit followed suit:

> "We agree with the Court of Appeals for the Fourth Circuit in the *Dunn* case and the District of Columbia Circuit in the *Stapf* case that persons sentenced prior to September 20, 1966, *who have not been given the benefit of uncounted time served* must be afforded the same benefits as are given to the mandatory minimum sentence prisoners under the 1960 amendment."

387 F.2d at 767. (Emphasis in original.)

In light of the apparent confusion, Congress again amended the statute when it enacted the Bail Reform Act of 1966. The statute, as amended in 1966, now provides that "the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody *in connection with the*

*offense or acts for which sentence was imposed."* 18 U.S.C. § 3568. (Emphasis added.) As it did with the 1960 amendment, however, Congress specifically provided that the statute, as amended in 1966, would apply *only* to sentences imposed after September 20, 1966, the effective date of the Act. 80 Stat. 217 (1966).

The critical question in the instant case is whether the 1960 amendment is applicable to petitioner, who was sentenced in 1956, and, if so, whether petitioner is entitled to relief under the Fifth Circuit's construction of the amendment in Bryans v. Blackwell, *supra.* For the reasons set out below, the answer must clearly be no.

Since Congress specifically provided that the 1960 amendment would be applied only *prospectively,* it would appear that petitioner's 1956 sentence would not fall within its provisions. The situation, however, is not as simple as it appears. In Sobell v. United States, 407 F.2d 180 (2d Cir. 1969), the Court held that the provisions of the 1960 amendment were applicable to a prisoner who was sentenced in 1951. The Court reasoned that the rationale in the *Stapf* case, *supra,* and the policy implicit in the Bail Reform Act of 1966 required that "credit be afforded in pre- as well as post-1960 cases." 407 F.2d at 182. Assuming, without deciding,[1] that the 1960 amendment is applicable to petitioner in the instant case, relief must still be denied. In Bryans v. Blackwell,

*supra,* the prisoner in question had been neither sentenced under a statute requiring a minimum mandatory sentence nor sentenced to a maximum term. The same situation exists in the instant case. In dealing with this situation, the Court held it would *"conclusively presume* that, in giving a sentence which, with the added time for which Bryans claims credit, would not exceed the maximum term allowed by statute, the trial court gave the credit to which Bryans was entitled by reason of his earlier custody." 387 F.2d at 767. (Emphasis added.) It is clear in the instant case that petitioner's sentence (5 years) added to the time for which he claims credit (124 days) does not even approach the maximum sentence (20 years) which could have been imposed under the statute. Therefore, under Bryans v. Blackwell, it must be conclusively presumed that credit for presentence custody was given petitioner by the sentencing court.

On the basis of the foregoing discussion, the petition must be dismissed. With regard to petitioner's claim for good time, it is clear that allowance of good time is strictly a function of prison authorities. The decision of prison officials in such matter is conclusive absent a showing of an abuse of discretion, none of which is shown here. Since petitioner's request for jail time credit is denied, it follows that the claim for damages for illegal detention is denied.

So ordered.

---

1. The Court in *Stapf* specifically indicated that the amendment did not apply retrospectively. 367 F.2d at 330. The *Bryans* Court, however, made no such pronouncement. In both cases, the sentences involved were between the effective dates of the 1960 and 1966 amendments. The

Court in Sobell v. United States noted: "To the extent that *Stapf* and the cases that followed it limit relief to persons sentenced after the effective date of the 1960 amendment, we disagree." 407 F.2d at 183.