Kenneth M. Clark, pro se.

Gerald J. Gallinghouse, U. S. Atty., E. D. of Louisiana, New Orleans, La., for the United States of America.

**Kenneth Mantz CLARK**

**v.**

**UNITED STATES of America.**

**Misc. No. 1150.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Feb. 2, 1971.

WEST, Chief Judge:

On March 4, 1966, after a plea of guilty, Kenneth Mantz Clark was sentenced by this Court to a term of six years for violation of Title 18 U.S.C.A. § 2314, interstate transportation of stolen and falsely made securities. And now, under Title 28 U.S.C.A. § 2255, he seeks credit for the time which he spent in federal custody for want of bail prior to this sentence. Title 18 U.S.C.A. § 3568 as it was amended in 1966 would allow

the petitioner credit for such time spent in federal custody in connection with an offense or acts for which sentence was imposed. But the effective date of this amendment, being September 20, 1966, was subsequent to the petitioner's sentence. And the petitioner readily admits that "most federal judges * * * follow the pre-1966 rule * * * [in such a case] and will not grant credit toward the imposition of defendant's sentences for time spent in federal custody for want of bail prior to sentencing unless a minimum mandatory sentence was imposed [or if the maximum sentence allowed under law was imposed] * * *." However, he contends that the non-retroactive application of the 1966 amendment to Title 18 U.S.C.A. § 3568 is an "irrational and arbitrary classification created by judicial action." Furthermore, he asserts that this Court should not feel bound by prior decisions which do not apply the 1966 amendment to Title 18 U.S.C.A. § 3568 retroactively. With citations to Baldwin, the American Judiciary 61 (1905) and Catlett, the Development of the Doctrine of Stare Decisis and the Extent to Which it Should Be Applied, 21 Wash.L.Rev. 158 (1946), he states that "a palpable mistake, violating justice, and reason, [and] law, must be corrected, no matter by who [sic] it may have been made." In support of his theory, the petitioner includes as exhibits A and B of his petition for redress a petition from another inmate who was granted relief by the Judge of another Federal Court under similar circumstances.

■ But it is the opinion of this Court that the sentence which was imposed on March 4, 1966 was and is a fair and just sentence. There are no new considerations before the Court at this time which would indicate that the previous sentence was either erroneous or improper, and after careful consideration, for a second time, we believe that it should stand.

Title 18 U.S.C.A. § 2314 carries a maximum penalty of ten years in jail, $10,000.00 fine, or both. And the sentence which was imposed on the petitioner was only for six years, well within the maximum. Furthermore, a review of the record in this case reveals that the petitioner made a similar plea for consideration for the time which he spent in jail prior to his sentence at the time when sentence was pronounced. However, this Court was convinced, after a pre-sentence investigation, that the petitioner was "addicted" to writing worthless checks. We stated at that time that:

"* * * it takes here about five single-spaced pages to just list all of your various escapades from one end of this country to another in cashing checks and kiting checks and just about everything that you can do with a check except writing a good one, that you have engaged in over the past years."

Thus, the sentence which was imposed here was not arbitrary. The very basis for its imposition was to break down the "addiction" to writing worthless checks which the petitioner had developed.

At the time of sentencing, the defendant requested that he be given credit for time served in jail awaiting sentence. Thus, it is obvious that the Court did take into consideration the time served by the defendant prior to sentencing. Where the sentencing judge actually takes into consideration the time which was served awaiting sentence, as was done here, and when the sentence which is imposed is within the maximum allowed by statute, both the letter and the spirit of Title 18 U.S.C.A. § 3568, as amended in 1966, have been complied with.

■ Also, the law in this Circuit is very clear. Where no maximum sentence has been imposed, there is a conclusive presumption that the sentencing court, in imposing sentence, took into consideration the time which was served prior to the imposition of sentence. See Hyler v. Alexander, 423 F.2d 1215 (5th Cir. 1970); Bryans v. Blackwell, 387 F.

2d 764 (5th Cir. 1967) cert. denied 391 U.S. 907, 88 S.Ct. 1658, 20 L.Ed.2d 421 (1968); Arnold v. Clark, 396 F.2d 500 (5th Cir. 1968); Schmidt v. United States, 396 F.2d 804 (5th Cir. 1968); Walker v. United States, 388 F.2d 605 (5th Cir. 1968); Ballard v. United States, 388 F.2d 607 (5th Cir. 1968); Howard v. Blackwell, 389 F.2d 84 (5th Cir. 1967); United States v. Abele, 269 F.Supp. 29 (E.D.La.1967); Cf. United States v. McCullough, 405 F.2d 722 (5th Cir. 1969).

The Court in Hyler v. Alexander, supra, 423 F.2d at 1215–1216 cites with approval the maxim of *Bryans*:

" * * * [i]n Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764, we stated that '[W]e will conclusively presume that, in giving a sentence which, with the added time for which [the defendant] claims credit, would not exceed the maximum term allowed by the statute, the trial court gave the credit to which [the defendant] was entitled by reason of his earlier custody.' 387 F.2d at 767, 768."

And although the Fifth Circuit Court of Appeals has interpreted "maximum sentence" in a very liberal way, holding in United States v. McCullough, supra, 405 F.2d at 724, that several maximum sentences running concurrently are to be treated as a "maximum sentence", this does not provide the petitioner here with any cause to complain. Since the petitioner, at the time of sentencing, asked for credit for the time which he served prior to the imposition of sentence, not only is there a conclusive legal presumption that we took his prior time into consideration, it is obvious that we did, in fact, consider it. And since the six year sentence does not approach the maximum, the petitioner has then, in fact and in law, already been given credit for the time which he served in jail for lack of bail prior to sentencing. Therefore, it is the decision of this Court that the writ of habeas corpus should be denied. Judgment will be entered accordingly.