445 F.2d 274
 Robert Jewell LANDMAN, Petitioner-Appellant,
v.
John N. MITCHELL, Attorney General of the United States, et
al.,Respondents-Appellees.
No. 71-1431 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 16, 1971, Rehearing Denied July 2, 1971.
 
 Robert Jewell Landman, pro se.
 John W. Stokes, Jr., U.S. Atty., Anthony M. Arnold, Asst. U.S. Atty., Atlanta, Ga., for respondents-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Jewell Landman prosecutes this appeal from the district court's denial, 321 F.Supp. 1014 of his petition seeking credit for certain pre-sentence jail time, monetary damages for denial of such credit, and for habeas corpus and other relief. We affirm.
 
 
 2
 Appellant was convicted of two violations of the bank robbery statute, 18 U.S.C. 2113. He was sentenced on May 22, 1956 to serve two concurrent prison terms of five years.
 
 
 3
 These sentences obviously were far lower than the statutory maximum; the offenses do not require a mandatory minimum prison term; and the sentences were imposed prior to the effective date of the 1960 amendment to 18 U.S.C. 3568. Under these circumstances we have held in several cases that a prisoner is not entitled to receive credit for time spent in pre-sentence custody. E.g., Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764; Ballard v. United States, 5th Cir. 1968, 388 F.2d 607; Howard v. Blackwell, 5th Cir. 1967, 389 F.2d 84.
 
 
 4
 In Bryans v. Blackwell, supra, we quoted with approval the following from Stapf v. United States, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326, 330: 'Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given.' Appellant Landman has not persuaded us that the prior relevant decisions of this Court are incorrect.
 
 
 5
 Since the appellant is not entitled to be granted credit for his 124 days of pre-sentence custody, his claim for 32 days 'good time' credit on those 124 days must also fail, as must his application for habeas corpus relief. Appellant Landman's request for injunctive relief and money damages likewise has no merit, being based on the assumption that he is entitled to credit for his presentence jail time. See also 28 U.S.C. 2680(h).
 
 
 6
 More than three weeks after filing his notice of appeal, the appellant filed a motion for summary judgment in the district court. Therein he presented new contentions and arguments not mentioned in his original complaint. The district court entered no order on the motion for summary judgment, obviously on grounds that filing of the notice of appeal terminated its jurisdiction. (The motion for summary judgment was filed too late to be considered a motion for rehearing.)
 
 
 7
 The new matters urged in Landman's motion for summary judgment cannot be adjudicated upon this appeal for lack of an appealable judgment or order. See 28 U.S.C. 1291, 1292. Nor will we now decide the merits of other contentions argued in Landman's brief, which were not properly presented and ruled on below. See Hemming v. United States, 5th Cir. 1969, 409 F.2d 11; Austin v. United States, 6th Cir. 1964, 334 F.2d 75; Hornbrook v. United States, 5th Cir. 1954, 216 F.2d 112.
 
 
 8
 Affirmed.