**Robert James FRANKS,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director,
Respondent-Appellee.**

No. 75–4315.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1977.

Wayne H. Paris, Austin, Tex. (Court appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Chief, Enforce. Div., Austin, Tex., for respondent-appellee.

Before JONES, WISDOM and GOD-BOLD, Circuit Judges.

PER CURIAM:

This appeal is by a state prisoner whose petition for habeas corpus was denied. When petitioner was sentenced in the Texas State Court Art. 42.03, Tex.Code Crim.Proc. provided that the award of presentence credit was left to the discretion of the trial judge. Later the Texas legislature amended Art. 42.03, effective on August 27, 1973, a few months after petitioner was sentenced, to require the trial court to award jail credit for time spent in custody pending conviction and sentence. In conjunction with the amendments to Art. 42.03, the Texas Department of Corrections instituted a policy permitting state prisoners in federal custody to earn good time toward their state sentences. Petitioner was in federal custody.

The sole issue is whether the state's refusal to give retroactive effect to amended Art. 42.03 and to the new policy of the Texas Department of Corrections denies him equal protection of the laws under the Constitution of the United States.

This case is controlled by our decision in *Jackson v. State of Alabama,* 530 F.2d 1231 (CA5, 1976), in which we held that equal protection was not violated by nonretroactive application of a similar good time statute enacted by the Alabama legislature.

AFFIRMED.