Michael J. PAPRSKAR,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 77–1010.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1978.

John L. Hill, Atty. Gen., Austin, Tex., John C. Madison, III, Asst. Atty. Gen., Houston, Tex., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Dunklin Sullivan, Douglas M. Becker, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Michael A. Maness, Houston, Tex. (Court-appointed), for petitioner-appellee.

Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal by the State of Texas from an order of the United States District Court granting petitioner Michael Paprskar habeas corpus relief in the form of good time credit [1] for time spent in a county jail prior to his convictions for murder.

The appellee, Paprskar, was arrested on January 29, 1970 and charged with three murders. In June of the same year, he was tried and convicted of one of the murders and sentenced to die in the state's electric chair. He appealed to the Texas Court of Criminal Appeals, which reversed the con-

---

1. Good time credit is credit given for good behavior while in jail. It is in addition to credit given for actual days spent in jail.

viction on the ground that the evidence used against him at his trial had been a product of an unreasonable search and seizure. *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr.App., 1972).

On April 6, 1973, Paprskar was transferred from the Tarrant County Jail in Fort Worth to the Harris County Rehabilitation Center in Houston. Three days later, on a plea of guilty, Paprskar was convicted of the two remaining murders. He was not retried on the first murder. He was sentenced to two concurrent twenty-year sentences, the sentences to commence on January 20, 1970, the date of the murders. He did not appeal these convictions.

Paprskar now claims that in addition to credit awarded him for the time served in the county jail, he is entitled to an award of good time credit. The district court agreed with his contention and awarded good time credit from the date of Paprskar's arrest to the date of his transfer to Houston. In support of his conclusion, the district judge stated:

> The denial of "good time" credit to Petitioner for the period of his confinement from January 30, 1970 to April 6, 1973 has deprived him of rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment since such denial amounts to a penalty resulting exclusively from the Petitioner's ultimately successful efforts to have set aside an unconstitutional conviction and sentence. Had the Petitioner been confined in the Texas Department of Corrections during the pendency of the protracted proceedings associated with his initial conviction, sentence, and appeal he

would have received "good time" credit for the entirety of such period.

 The starting point in our analysis is that the state is not obligated in every case to award good time credit for pretrial detention. The district court found that had Paprskar been confined in the state prison rather than in county jail, he would have been awarded good time credit under the Texas statutory scheme then in effect.[2] This fact standing alone does not implicate the equal protection clause nor does it automatically vest good time credit in the petitioner. In *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5 Cir. 1970), we stated there is no constitutional right to credit for time served prior to sentence.[3] In *Jackson v. State of Alabama*, 530 F.2d 1231, 1237 (5 Cir. 1976) we recognized that the *Gremillion* rule is not an absolute rule when the defendant is held for a bailable offense and is unable to make bail due to indigency and is sentenced to the statutory maximum imposable sentence. Paprskar has made no attempt to come within the *Jackson* exception, nor would he be able to since he was sentenced to twenty years for murder. Finally, in *Franks v. Estelle*, 543 F.2d 567 (5 Cir. 1976) we held that equal protection did not require the State of Texas to apply its good time credit statute retroactively. *See Parker v. Estelle*, 498 F.2d 625 (5 Cir.), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); *Cobb v. Bailey*, 469 F.2d 1068 (5 Cir. 1972); *Hill v. Wainwright*, 465 F.2d 414 (5 Cir. 1972); *Hart v. Henderson*, 449 F.2d 183 (5 Cir. 1971).

In *McGinnis v. Royster*, 410 U.S. 263, 272–73, 93 S.Ct. 1055, 1060, 35 L.Ed.2d 282 (1973), the Supreme Court held that the

---

2. Under the present statutory system in Texas all felony convicts are now awarded credit and good time credit for the entire period of their preconviction and postconviction detention in Texas county jails. Tex.Code Crim.Proc. Art. 42.03. The effective date of this article was August 27, 1973. Prior to that date, Texas trial judges were without authority to grant good time credit for preconviction detention. *Valdez v. State*, 479 S.W.2d 927, 929 (Tex.Cr.App., 1972). The Texas Court of Criminal Appeals has determined that this amendment is not applicable retroactively. *Ex parte Iglehart*, 535

S.W.2d 185, 187, n.2 (Tex.Cr.App., 1976). We have determined that Texas is not constitutionally required to apply this article retroactively. *Franks v. Estelle*, 543 F.2d 567 (5 Cir. 1976).

3. Presentence detention credit and good time credit must be treated the same under the reasoning of *North Carolina v. Pearce*, 395 U.S. 711, 718–719 n.13, 89 S.Ct. 2072, 23 L.Ed.2d 656 and *Pruett v. State of Texas*, 468 F.2d 51, 55 (5 Cir. 1972), *aff'd as modified* (en banc) 470 F.2d 1182 (1973), *aff'd*, 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973).

New York system of denying good time credits to pretrial detainees did not violate equal protection:

> As the statute and regulations contemplate state evaluation of an inmate's progress toward rehabilitation, in awarding good time, it is reasonable not to award such time for pretrial detention in a county jail where no systematic rehabilitative programs exist and where the prisoner's conduct and performance are not even observed and evaluated by the responsible state prison officials.[4]

Paprskar would take his case out of the holding of *McGinnis, id.,* because he contends that his pretrial detention and its concomitant lack of good time credit was a penalty for appealing his first murder conviction. Since the trial court agreed with Paprskar and held that Paprskar was penalized for appealing, we must necessarily examine the import of *Pruett v. State of Texas,* 468 F.2d 51 (5 Cir. 1972), *aff'd as modified* (en banc), 470 F.2d 1182 (1973), *aff'd,* 414 U.S. 802, 94 S.Ct. 118, 138 L.Ed.2d 39 (1973).[5] In *Pruett,* we held that the Texas system of denying good time credit for the time spent in county jail between conviction and affirmation of the conviction by the Texas Court of Criminal Appeals so burdened the choice to appeal as to be unconstitutional. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Robinson v. Beto,* 426 F.2d 797 (5 Cir. 1970). We also held that the *Pruett* rule was to have a prospective application only and that felony convictions that became final after the date of the *en banc*

opinion were the only ones to be affected. 470 F.2d at 1184. Our opinion in *Pruett* was released on January 4, 1973. Paprskar's conviction in the first murder conviction was reversed on June 7, 1972. He did not appeal his second and third convictions to the Court of Criminal Appeals.

■ Paprskar does not contend that his choice to appeal was burdened, as was the choice to appeal in *Pruett,* but rather Paprskar contends that his pretrial detention itself amounted to a penalty for successfully challenging his first conviction. We think that the penalty analysis of *Pruett* is limited to burdens on the choice to appeal and does not include the analysis suggested by Paprskar.[6] As we said in *Pruett, supra* at 55:

> The enforcement of such laws put [sic] a premium on not appealing sentences of conviction and constitutes a threat to a convicted person that if he appeals he will lose good time he might otherwise have. This cannot be countenanced. The right to appeal any conviction or the decision of any court is a sacred right that must remain free, open and unfettered and without fear, threats or penalty. The State of Texas would deny these rights in the present case by denying Pruett the good time he has earned by serving time in jail only because he has appealed his case. Such denial is clearly a penalty imposed upon him because he chose to exercise his constitutional right to appeal his conviction.

The mere fact that Paprskar's position could have been improved under a different

---

4. The record discloses that there was no systematic evaluation of the prisoners' behavior during Paprskar's tenure in the Tarrant County Jail. At most, the Warden of the Tarrant County Jail was able to represent that Paprskar's conduct was impliedly satisfactory since there was no record of any misconduct on the petitioner's part.

5. Paprskar specifically denies reliance on *Pruett,* apparently because of the retroactivity problem.

6. Of course had Paprskar established that his choice to appeal was burdened, good time credit would be due him under the authority of *Pruett,* but for the retroactivity bar. Since

Paprskar recognizes this, he posits another theory—that the presentence detention itself was a penalty for appealing. Paprskar could make the same argument concerning any period of presentence delay coupled with or without an appeal. Simply because some of his presentence detention was a result of his successful appeal does not persuade us that his case is any different than *McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). Furthermore, the mere fact that Paprskar had an appeal outstanding at the same time as his presentence detention does not make his detention a penalty for appealing.

system leads us only to examine the facts of the present case. We conclude that Paprskar's detention, even though partially a result of his appeal of his first conviction, was not a penalty for appealing. Since the lion's share of his detention occurred after his first conviction,[7] Paprskar cannot be heard to complain that the detention influenced or could have influenced his decision to appeal the first conviction. Had he not appealed, he very well might have been executed. *Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976). This is not the case of a defendant having his conviction reversed and then on retrial and second conviction having good time credit denied him. In the present case, the petitioner's second and third convictions were legally distinct offenses. Paprskar has suffered no more than any other defendant who, having been confined during the pendency of his appeal, ultimately had his conviction reversed.

■ Finally, it appears to us that even if the rationale of *Pruett* is applicable to the circumstances of this case, we specifically limited *Pruett's* application to cases in which the conviction became final after January 4, 1973. If Paprskar's conviction had been affirmed by the Texas Court of Criminal Appeals on June 7, 1972, his petition would be time barred by *Pruett.* We cannot understand why Paprskar's position should now be improved because the Court of Criminal Appeals reversed his conviction on June 7, 1972 rather than affirmed his conviction. Therefore, we are convinced that even if Paprskar were penalized for appealing, his petition is time barred by *Pruett.*

Since we hold that Paprskar was not penalized for appealing, and even if he were, his petition is time barred by *Pruett,* the judgment of the district court in granting Paprskar habeas corpus relief in the form of good time credit for time spent in county jail is REVERSED.

7. It is only because the trial judge exercised his discretion in making the sentence for the second and third convictions retroactive with the date of the murder does the petitioner have a vehicle to attack his lack of good time credit. The trial judge was under no compulsion to award credit for this presentence detention.