**Billy Ray BAYLESS, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 78-1005.**

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1978.

Billy Ray Bayless, pro se.

Wm. M. Byrd, Jr., Dallas, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Joe Dibrell, Douglas M. Becker, Asst. Attys. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

RONEY, Circuit Judge:

Bayless appeals from the district court's denial of his petition for habeas corpus in which he sought sentence credit for several segments of his county jail incarceration. We affirm the district court's order in part and vacate and remand in part.

Bayless was arrested, charged with rape, and placed in the Dallas County jail on August 9, 1967. He was convicted and was sentenced to a term of 99 years on April 2, 1968. On appeal, a new trial was granted on January 27, 1970. The second trial began approximately one year later and Bayless was convicted and received a 50-year sentence on June 3, 1971. Bayless again appealed, and the sentence was affirmed by the Texas Court of Criminal Appeals on April 27, 1973. Bayless was in the county jail all of this time. In the formal sentencing which followed the second conviction, the trial court awarded Bayless straight time and good time sentence credit[1] for the time in jail during the pendency of his second appeal from June 3, 1971 to April 27, 1973. He was denied any credit for incarceration prior to that time. Bayless filed habeas corpus petitions with the state trial court and relief was denied. The Texas Court of Criminal Appeals modified the trial court's disposition to the extent of awarding straight time for the time in jail during the pendency of Bayless' first appeal from April 2, 1968 to January 27, 1970.

In his federal habeas corpus petition and in this appeal Bayless seeks the following credit:

    I.   Straight time credit for eight months confinement between arrest and initial sentencing—August 9, 1967 to April 2, 1968.

    II.   Good time credit for twenty-two months confinement during appeal of first sentence—April 2, 1968 to January 27, 1970.

    III.   Good time and straight time credit for confinement between grant of new trial and second sentencing— January 27, 1970 to June 3, 1971.

I.  Straight time credit for eight months confinement between initial arrest and sentencing on the first conviction.

At the time of Bayless' sentencing, Texas state law conferred no credit for presen-

tence confinement. The crediting of presentence confinement time, rather, was committed by Texas statute to the sentencing court's discretion. Tex.Code Crim.Proc. Ann. art. 42.03 (Vernon). While article 42.03 was amended, effective August 27, 1973, to make crediting of such time mandatory, the amendment has been denied retroactive effect. *Harrelson v. State,* 511 S.W.2d 957 (Tex.Cr.App.1974); *Paprskar v. Estelle,* 566 F.2d 1277, 1279 (5th Cir. 1978).

This Court held there was no federal constitutional right to presentence confinement credit in *Gremillion v. Henderson,* 425 F.2d 1293 (5th Cir. 1970), and stated that, absent a statute requiring such credit, the matter was within the sentencing judge's discretion.

The principle enunciated in *Gremillion* has been qualified to some extent where the denial of credit would extend the total time served beyond the maximum prescribed sentence for the crime if the presentence confinement was based on failure to make bail due to indigency. *Parker v. Estelle,* 498 F.2d 625, 627 (5th Cir. 1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975). The sentence Bayless received plus the confinement time for which he claims credit, was less than the maximum sentence for Bayless' crime. In *Parker,* the Court adopted a presumption that where the sentence imposed plus presentence confinement time totals less than the maximum imposable sentence, the sentencing judge gave credit for the presentence custody. *Parker v. Estelle,* 498 F.2d at 627. The same presumption has been adopted in federal cases. *See Bryans v. Blackwell,* 387 F.2d 764 (5th Cir. 1967), *cert. denied,* 391 U.S. 907, 88 S.Ct. 1658, 20 L.Ed.2d 421 (1968).

Bayless argues that the *Parker* presumption should not apply in his case. While the *Parker* opinion clearly reflects that the sentencing jury in that case was presented with the fact and duration of Parker's presentence confinement, Bayless argues, the

---

1. "Straight time" credit is a one for one calculation based on the number of days actually spent in confinement. "Good time" credit re-

duces the time remaining to be served on a sentence by a percentage of the number of days actually served with good behavior.

record here fails to indicate whether or not the jury was apprised of his eight months confinement.

■ The presumption, however, avoids the problems and expenditure of resources required by individual prisoners' attempts to show that credit was not given. *Bryans v. Blackwell,* 387 F.2d at 767. Where credit could have been given, as a matter of mechanical calculation, it is presumed to have been given. *Id.* Nothing in article 42.03 prevented Bayless from apprising the Texas court of his presentence confinement, and the law presumes from the less than maximum sentence imposed that credit was given.

■ In any event, bail was denied Bayless following his arrest because rape was, at the time, a non-bailable "capital" offense in Texas. This Court concluded in *Cobb v. Bailey,* 469 F.2d 1068 (5th Cir. 1972), that even a prisoner who received the maximum sentence for a crime was not entitled to credit for presentence incarceration for a non-bailable offense.

The district court's order, as it applies to credit for presentence confinement, is affirmed.

II. Good time credit for twenty-two months confinement during appeal of first sentence.

Prior to the amendment of article 42.03, Texas denied good time credit to prisoners for time spent in county jails awaiting the outcome of their appeals. Prisoners who chose not to appeal, on the other hand, went into the state penitentiary and became immediately eligible to accrue good time credit.

In *Pruett v. State of Texas,* 468 F.2d 51 (5th Cir. 1972), *aff'd as modified,* 5 Cir., 470 F.2d 1182 (*en banc*), *aff'd,* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973), this Court held the Texas procedure unconstitutional, finding that it unreasonably burdened the right to appellate review in violation of the Fourteenth Amendment. Relying on the Supreme Court's decision in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court reasoned

The enforcement of such laws put a premium on not appealing sentences of conviction and constitutes a threat to a convicted person that if he appeals he will lose good time he might otherwise have. This cannot be countenanced. The right to appeal any conviction or the decision of any court is a sacred right that must remain free, open and unfettered and without fear, threats or penalty.

468 F.2d at 55.

In the *en banc* consideration of *Pruett,* we noted that good time credit allocation does not aid the truth-finding purpose of a trial, that the state had relied on the former credit system in good faith, and that retroactive application of *Pruett* would release a flood of habeas corpus petitions for recomputation of sentences. We declared *Pruett* applicable only to convictions finalized by affirmance of the state's Court of Criminal Appeals after January 4, 1973, the date of the *en banc* opinion.

Bayless asserts that he qualifies for good time consideration under *Pruett* because his second conviction was finally affirmed in April of 1973. The State argues, however, that the first appeal was ultimately resolved in January 1970 before the *Pruett* cut-off date, and thus Bayless should be time-barred from good time credit for time served prior to the reversal of that first conviction.

The State relies on this Court's decision in *Paprskar v. Estelle,* 566 F.2d 1277 (5th Cir. 1978). In that case the Court considered three convictions: two were obtained after the *Pruett* cut-off date; the other was obtained and reversed before the cut-off date. Significant differences between the two cases prevent *Paprskar* from disposing of the present case. Paprskar had originally been charged with three murders. After the first murder conviction was reversed, Paprskar was convicted of the remaining two murders. The Court rejected Paprskar's claim for good time credit, observing that the two later convictions were for legally distinct offenses from the first. Thus Paprskar was not duplicating time

served on the same offense, see *Pruett,* 468 F.2d at 57–58, and the refusal to credit his second sentence with good time accrued while serving the first could not be regarded as a penalty for having exercised his right of appeal.

The *Paprskar* Court expressly stated that it was not deciding the case of "a defendant having his conviction reversed and then on retrial and second conviction having good time credit denied him." Bayless presents that case now.

*Pruett* was intended to credit time served during an appeal which would otherwise have been credited toward the sentence in the state penitentiary. While technically the confinement during the first appeal was time served on a separate sentence, it was twenty-two months served pursuant to a conviction for the same criminal act. We interpret the *Pruett en banc* nonretroactivity ruling as intended to exclude reconsideration of sentences of the myriad prisoners whose convictions have been affirmed and who would reenter the judicial system merely to take advantage of the *Pruett* decision. Bayless, on the contrary, remained before the court until his second conviction was finally affirmed in April 1973. We do not apply *Pruett* retroactively within the meaning of the *en banc* ruling by recognizing Bayless' right to good time credit while serving time on a sentence during the pendency of his first appeal.

■ While as a matter of law, we conclude that Bayless is entitled to *consideration* for good time credit for the pendency of his first appeal, it does not necessarily follow that he is entitled to such credit. Even where good time consideration is authorized, award of good time credit is not mandatory but depends upon a prisoner's good conduct. *Gardner v. State,* 542 S.W.2d 127, 130 (Tex.Cr.App.1976).

■ In denying Bayless' application for habeas corpus relief in the state court, the trial court made the following finding of fact and conclusion of law:

Petitioner's conduct while confined in the Dallas County Jail was bad. Jail records indicate Petitioner repeatedly and frequently caused trouble. Therefore, Petitioner is not entitled to any "good time" credit.

Bayless claims that no real attempt was made to assess his jail conduct. The issue was never addressed by the district court, consideration being unnecessary in its view of the law. We are concerned that the state record may not adequately support the state judge's finding. We therefore vacate the denial of the request for good time credit for the pendency of the first appeal and remand to the district court for a full consideration of whether or not Bayless' conduct during that time would disqualify him from receiving such credit.

III.   Good time and straight time credit for confinement between grant of new trial and second sentencing.

Bayless contends that the rationale of *Pruett* and its straight time counterpart, *Robinson v. Beto,* 426 F.2d 797 (5th Cir. 1970) justified the award of good time and straight time credit for the period he was confined awaiting the new trial. The argument is that the choice to exercise one's constitutional right to appeal is equally burdened by the fact that if successful, but convicted on retrial, no credit will be given for the time confined between reversal and the new sentence, time which would have been credited to his first sentence if no appeal were taken.

■ While the decision to appeal might be influenced by such a contingency, as it might be by the prospect of facing the new trial itself, we regard such an effect as beyond the scope of the principles enunciated in *Pruett, Robinson* and their progenitor, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The appellate avenues which the Supreme Court sought to clear of obstacles in *North Carolina v. Pearce* have been travelled to their end when a conviction is reversed. The time here considered is the same as presentence time. Bayless was incarcerated from January 1, 1970 to June 3, 1971 not because he had appealed but because he was

charged with a nonbailable capital offense. During that time he was not serving any sentence. The state court may have considered this period of confinement in computing Bayless' 50-year sentence. *See Parker v. Estelle,* 498 F.2d at 627. Because there is no constitutional right to credit for such confinement, however, the court was under no duty to do so. *See Gremillion v. Henderson,* 425 F.2d at 1293–1294. The reversal of a prior conviction does not elevate the confinement time before the second trial to a status more constitutionally cognizable than presentence time.

The district court's denial of good time and straight time credit for this time period is therefore affirmed.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.